**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| Dominion Transmission, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-CV-00442-JAG |
| | ) | |
| v. | ) | |
| | ) | |
| Precision Pipeline, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE**

Precision Pipeline, LLC, incorrectly identified as "Precision Pipeline, Inc." in the above-captioned matter, by and through its counsel, respectfully moves the Court to dismiss the Complaint filed by Dominion Transmission, Inc., or in the alternative, to transfer venue to a more appropriate forum.

1.     This Motion to Dismiss is submitted in response to a contrived lawsuit that Plaintiff raced to the courthouse to file in an inconvenient and improper forum, and in breach of a contractually-mandated alternative dispute resolution ("ADR") process that required the parties to attempt mediation before commencing litigation.  By Plaintiff's own admission in the Complaint, exhausting the ADR procedure was a "clear contractual prerequisite[] to the exercise of formal legal remedies."  (Compl. ¶ 26.)

2.     Although Defendant was endeavoring in good faith to exhaust the contractually-mandated ADR process for its claims, and although Plaintiff itself had initiated the same ADR process with respect to one its claims in the Complaint less than one month before filing this lawsuit, Plaintiff filed this lawsuit without warning and notwithstanding the "clear contractual

1

perquisite" of the ADR process.  As a result of Plaintiff's failure to exhaust the ADR process and to satisfy that condition precedent to litigation, Plaintiff cannot establish subject matter jurisdiction, and the Complaint must be dismissed in its entirety under Fed. R. Civ. P. 12(b)(1).

3.      In the alternative, Defendant respectfully moves the Court to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.   The only basis to assert personal jurisdiction over Defendant is an unenforceable and fundamentally unfair forum selection clause that violates public policy, would deprive Defendant of statutory rights and remedies that would be available had this suit been brought in a proper forum, and which purports to requires litigation in a forum wholly unrelated to the construction projects at issue. Without the forum selection clause, personal jurisdiction cannot be established over Defendant in Virginia.

4.      Moreover, Defendant respectfully moves for dismissal of the Complaint under Fed. R. Civ. P. 12(b)(3) for improper venue.  Venue cannot lie in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(1) – (3) because the Defendant does not reside in this District, the events giving rise to this lawsuit occurred in Pennsylvania and West Virginia, and the Defendant is not subject to personal jurisdiction in this District.  In the event the Complaint is not dismissed for lack of venue in this District, Defendant respectfully requests the case be transferred to the U.S. District Court for the Western District of Pennsylvania under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), which is a more convenient and appropriate forum to decide the disputes relating to construction projects that substantially occurred in Pennsylvania.

5.      Finally, in the alternative to dismissing the Complaint in its entirety for the foregoing reasons, Defendant respectfully moves the Court to dismiss Count Two under Fed. R. Civ. P. 12(b)(6).  Subject matter jurisdiction does not exist over Count Two as a result of

Plaintiff's failure to exhaust the contractually-mandated ADR process.  To the extent subject matter jurisdiction exists, Defendant respectfully requests that the Court exercise its discretion to decline jurisdiction over Count Two of the Complaint.  Count Two will not serve any useful purpose in the future because Plaintiff has already breached the parties' contracts by failing to pay Defendant on projects completed almost one year ago.  As damages have already accrued from Plaintiff's breaches, Defendant's underlying claims should be litigated in a breach of contract action.  However, Plaintiff improperly filed for declaratory relief in a rush to the courthouse to litigate Defendant's affirmative claims through a declaratory judgment action.  Such procedural fencing is prohibited by the Declaratory Judgment Act.

6.      The grounds upon which Precisions moves to dismiss the Complaint are more fully set forth in the accompanying Brief in Support, including the accompanying declarations and attached exhibits filed contemporaneously herewith.

7.      A proposed order also is included with this Motion.

DATE: August 5, 2013                          Respectfully Submitted,


                                              /s/ Kevin J. McKeon
                                              Kevin J. McKeon (VSB No. 49024)
                                              Sarah K. Simmons (VSB No. 79059)
                                              WATT, TIEDER, HOFFAR, & FITZGERALD,
                                              L.L.P.
                                              8405 Greensboro Drive, Suite 100
                                              McLean, VA 22102
                                              Telephone: 703-749-1000
                                              Facsimile: 703-893-8029
                                              *kmckeon@wthf.com*
                                              *ssimmons@wthf.com*

                                              *Counsel for Defendant Precision Pipeline, LLC*